ANDREW J. KUYKENDALL

*v.*

OLIVER A. HARKER.

ELECTION—*votes of unregistered voters.* On the contest of an election, it is error to reject the vote of an unregistered person, whose vote was received without challenge or objection, without proof showing he was not entitled to vote. When the vote of an unregistered person is received by the judges, it must be presumed, in the absence of proof to the contrary, that he was a legal voter.

APPEAL from the Circuit Court of Johnson county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. GREEN & GILBERT, for the appellant.

Mr. SAMUEL P. WHEELER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a contested election case, commenced by appellee, who filed a statement in writing in the circuit court of Johnson county, on the 14th day of November, 1873, setting forth the points on which he would contest the election of the appellant to the office of county judge of Johnson county at the election held in November, 1873.

An issue was formed and hearing had, resulting in a judgment for appellee, to reverse which the record is brought to this court.

It appears that the official canvass gave to appellant a majority of five votes. The circuit court found that including the unregistered voters voting for appellant, he had a majority of nine legal votes.

But there were forty-one voters that voted for appellant who had not, previous to the day of election, been registered, neither did they furnish proof that they were entitled to vote, as required by the registry law, and because thereof, solely, the circuit court rejected and refused to count these forty-one

votes, and thus found that appellee was elected by a majority of thirty-two votes.

We need but to consider this one question, of the propriety of the rejection of the votes of these unregistered voters, as it is impliedly conceded, and no pretense to the contrary, that if these votes be counted, appellant has a majority of the legal votes; if not counted, then appellee has a majority.

And this very question has already been passed upon by this court in the case of *Dale* v. *Irwin*, 78 Ill. 170. In reference to this subject it was there said, "Of those challenged at New Douglass precinct, one of them, Brown, voted for appellee. It is claimed, as the others voted without having been registered, and without any proof of right, their votes are invalid. It does not appear these voters were challenged, or any objection made to their voting, and the presumption must be they were legal voters, and so known to the judges of the election."

It does not appear in the case now before us, that any of these non-registered voters were challenged, or any objections made to their voting, except in the one case of Traxler, and the rejection of his vote would not affect the result. It does not appear that any one of them was not a legal voter, more than that he was not registered. Under the authority of the case of *Dale* v. *Irwin,* we must hold that the votes of these non-registered voters should have been counted, and that it was error to reject them.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*